IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| E&H CONVEYORS, INC.,<br>JERRY G. ELLER, and<br>NORMA J. ELLER,<br>        Plaintiffs,<br><br>        v.<br><br>NEW HORIZONS EQUITY FUNDING,<br>LLC, doing business as "NEW HORIZONS<br>CUSTODIAL FUNDING LLC," and "NH<br>EQUITY FUNDING LLC,"<br>SOLACE PRIVATE EQUITY LLC, and<br>SANTINO VIVIANO,<br>        Defendants. | CIVIL ACTION<br><br><br><br><br>NO.  19-2990 |

**DuBois, J.**                                                                                           **September 4, 2020**

## M E M O R A N D U M

### I.      INTRODUCTION

This is a fraud and breach of contract case.  Plaintiffs, E&H Conveyors, Inc. ("E&H"), Jerry Eller, and Norma Eller allege that defendants—New Horizons Equity Funding, LLC, formerly known as New Horizons Custodial Funding LLC, and doing business as NH Equity Funding ("NHEF"); Solace Private Equity LLC ("SPE"); Santino Viviano; and Edward Gregory Steadman, formerly known as Edward Cherry[1]—misled them into signing an agreement providing for consolidation of their debts by defendants.  Presently before the Court is the Motion of Defendant Santino Viviano to Dismiss Plaintiffs' Complaint for Lack of Personal Jurisdiction.  For the reasons set forth below, the Motion is denied.

---

[1] Pursuant to the Court's Order dated July 2, 2020, granting Defendant Edward Gregory Steadman's Verified Motion to Dismiss, Steadman has been terminated from this case.

1

## II.   BACKGROUND

Plaintiff "E&H is a small, family-owned agricultural business that serves the mushroom growing industry." Compl. ¶ 13. "Its two equal-share owners are Mr. and Mrs. Eller." *Id.* E&H is a Pennsylvania corporation with its primary place of business in Pennsylvania. *Id.* ¶ 2. Mr. and Mrs. Eller reside in Pennsylvania. *Id.* In early November 2017, E&H sought to consolidate its debt held by Susquehanna Salt Lake, LLC ("SSL") and Bond Street, LLC ("Bond") "into a single payment to a single creditor." *Id.* ¶ 15. "E&H's Business Director reviewed Defendant NHEF's website, www.nhpequity.com, which represented . . . that NHEF consolidated high interest loans," and requested more information from NHEF. *Id.* NHEF is a Florida limited liability company with its principal place of business in Florida. *See id.* ¶ 6. Defendant Viviano, Chief Operating Officer of NHEF, resides in Florida. *See id.* ¶ 7.

"On or about November 9, 2017. . . [Viviano] contacted E&H in response to E&H's request for additional information," and "offered the debt consolidation services that E&H was seeking." *Id.* ¶ 16. On December 28, 2017, E&H entered into an agreement (the "Binding Letter of Intent") with NHEF, "based on Viviano's representations." *Id.* ¶ 18; Compl. Ex. A. According to the terms of the agreement, NHEF was to provide $332,509.90 in credit to E&H to be used to "dispose of known claims against E&H." Compl. ¶ 22; Compl. Ex. A. On January 9, 2018, "Viviano instructed E&H to remit closing costs of $6,742.10 by wire to a Bank of America account in the name of SPE." Compl. ¶ 23. E&H complied. *Id.* Additionally, "[b]y emails on January 30 and 31, 2018, Viviano instructed Plaintiffs to stop making payments to SSL and Bond, and E&H complied." *Id.* ¶ 26.

"Almost immediately after entering into the aforementioned transaction with Defendants, Plaintiffs began receiving demands for payment" from SSL and Bond. *Id.* ¶ 27. "When

2

Plaintiffs informed Defendants about these demands, Defendants advised Plaintiffs to cease all contact with SSL and Bond because Defendants were handling the demands on Plaintiffs' behalf." *Id.* ¶ 28.  "By email dated February 22, 2018, Viviano instructed E&H to direct any documents or phone calls from SSL and Bond to Defendants." *Id.* ¶ 29.  Viviano reassured plaintiffs that, "'[n]othing has changed besides they realize that youre [sic] not going to be pushed around and they have to deal with us.'" *Id.*  Despite defendants' representations, they "never remitted any payment to SSL or Bond on Plaintiffs' behalf." *Id.* ¶ 20.  In total, E&H paid defendants $51,239.12 for services that were never provided. *Id.* ¶¶ 20-21.

On or about March 22, 2018, SSL filed a collection suit against E&H and Mr. Eller personally and obtained a default judgment on June 8, 2018. *See id.* ¶ 31.  Shortly after learning of the default judgment, plaintiffs inquired about the status of "Defendants' efforts to satisfy the amounts owed to Bond and SSL by E&H." *Id.* ¶ 32.  Viviano replied that "Defendants' attorneys had responded to 'their lawsuits.'  Viviano repeated, 'Please continue to forward any documents to us directly[.] You should not have any contact with the creditors.'" *Id.*

On July 10, 2019, plaintiffs filed a Complaint asserting claims of fraud, conspiracy, breach of contract, and unjust enrichment against all defendants.  On August 4, 2020, Viviano moved to dismiss the Complaint for lack of personal jurisdiction.  Plaintiffs responded on August 25, 2020.  Viviano replied on September 3, 2020.  The Motion is thus ripe for decision.

### III.   LEGAL STANDARD

"A district court sitting in diversity may assert personal jurisdiction over a nonresident defendant to the extent allowed under the law of the forum state." *Conlin & Co., LLC v. Taylor*, No. CV 19-2451, 2020 WL 564758, at *2 (E.D. Pa. Feb. 5, 2020) (DuBois, J.) (quoting *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009)); Fed. R. Civ. P. 4(e).

3

Pennsylvania's long-arm statute permits courts to exercise personal jurisdiction over nonresident defendants to the fullest extent allowed under the Due Process Clause of the Fourteenth Amendment. 42 Pa. Cons. Stat. § 5322(b); *Pennzoil Prods. Co. v. Colelli & Assocs.*, 149 F.3d 197, 200 (3d Cir. 1998).

A Rule 12(b)(2) motion for lack of subject matter jurisdiction "is inherently a matter which requires resolution of factual issues outside the pleadings." *Patterson by Patterson v. F.B.I.*, 893 F.2d 595, 603 (3d Cir. 1990). The "plaintiff bears the burden of establishing the court's jurisdiction over the moving defendants." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004) (citing *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002)). In responding to the defendant's Rule 12(b)(2) motion, the plaintiff need not "rely on the bare pleadings alone. . . ." *International Ass'n of Machinists & Aerospace Workers v. Northwest Airlines*, 673 F.2d 700 (3d Cir.1982). Courts reviewing a motion to dismiss for lack of personal jurisdiction "must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 142 n.1 (3d Cir. 1992); *Pinker*, 292 F.3d at 368.

There are two types of personal jurisdiction: general and specific. *Conlin & Co.*, 2020 WL 564758, at *2. General jurisdiction exists where the defendant has contacts with the forum state that "are so 'continuous and systematic' as to render [the defendant] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal quotation marks omitted)). General jurisdiction does not require the underlying cause of action to be related to the defendant's activities in the state. *Goodyear*, 564 U.S. at 919.

4

By contrast, a court has specific jurisdiction if "a non-resident defendant has 'purposefully directed' his activities at a resident of the forum and the injury arises from or is related to those activities." *Gen. Elec. Co. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). "Because this analysis depends on the relationship between the claims and contacts, [courts] generally evaluate specific jurisdiction on a claim-by-claim basis." *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007).

To establish specific jurisdiction, plaintiff must show that: (1) the defendant purposefully directed his activities at the forum; (2) the litigation arises out of or relates to at least one of those activities; and (3) the court's exercise of jurisdiction would comport with traditional notions of fair play and substantial justice. *See D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009). The first two parts of this test "determine whether a defendant has the requisite minimum contacts with the forum." *Id.* "[T]he defendant's physical entrance into the forum is not necessary." *D'Jamoos,* 566 F.3d at 103 (citing, *Burger King*, 471 U.S. at 472; *Grand Entm't Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 482 (3d Cir.1993)). However, his contacts must amount to "a deliberate targeting of the forum." *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317.

## IV. DISCUSSION

Plaintiffs' allegations arise out of Viviano's "forum-related activities." Pls.' Resp., 8. Accordingly, the Court assesses whether it has specific jurisdiction over Viviano but notes at the outset that plaintiffs' claims do not support general jurisdiction.[2] Viviano asserts that the Court lacks specific jurisdiction over him because "[p]laintiffs have failed to identify any nexus between [him] and the Commonwealth of Pennsylvania." Def.'s Mot. Dismiss ¶ 19.

---

[2] Viviano is domiciled in Florida. *See* Compl. ¶ 7. Plaintiffs do not allege any facts to support the conclusion that he is otherwise "at home" in Pennsylvania.

5

Additionally, Viviano claims that plaintiffs have failed to allege "that he did anything other than to respond as a representative to Plaintiffs' contact directed to his former employer NHEF, via the internet." *Id*. ¶¶ 15-18. Thus, Viviano asserts that the Court "lacks personal jurisdiction over him." *Id*. ¶ 15.

### A. Plaintiffs' Procedural Argument

Plaintiffs attack Viviano's motion on procedural and substantive grounds. First, plaintiffs argue that Viviano's motion is untimely, because he "waived his objection to personal jurisdiction" by filing an answer, rather than a motion to dismiss, as his initial response to the Complaint. *See* Pls.' Resp., 1. Federal Rule of Civil Procedure 12(b) provides that a motion asserting lack of personal jurisdiction must be made before the filing of a responsive pleading. However, "[c]ourts in the Third Circuit have held that a rigid interpretation of the [12(b)] timeliness rule is improper." *Bro-Tech Corp. v. Purity Water Co. of San Antonio*, 2008 WL 1757922, at *1–2 (E.D. Pa. Apr. 16, 2008) (citing, *inter alia*, *Martin v. Del. Law Sch. of Widener Univ.,* 625 F.Supp. 1288, 1296 n.4 (D.Del.1985) [stating, "it is perfectly acceptable to raise [12(b)] defenses by either motion or responsive pleading"]; *In re Arthur Treacher's Franchise Litig.,* 92 F.R.D. 398, 414 (E.D.Pa.1981) [finding that because the defendant claimed in his first responsive pleading that the court lacked personal jurisdiction over him, the court could consider his motion to dismiss for lack of personal jurisdiction]). Although Viviano answered plaintiffs' Complaint before filing his motion to dismiss, he raised in his answer an objection to personal jurisdiction as an affirmative defense. *See* Def. Viviano's Affirmative Defense No. 26. Thus, the Court will "look beyond [this] technical deficienc[y] to the substance of the motion." *Bro-Tech Corp.*, 2008 WL 1757922, at *1.

### B. Plaintiffs' Substantive Claims

Second, plaintiffs assert that the Court has personal jurisdiction over Viviano because he "was at the center of this fraudulent transaction and was personally involved in perpetuating fraud against Pennsylvania based Plaintiffs." Pls.' Resp., 7-8. Viviano moves to dismiss the Complaint on the ground that "[t]he jurisdictional allegations in the Complaint against Viviano are similar to those against [Gregory] Steadman," Viviano's former co-defendant. Def.'s Mot. Dismiss ¶ 17. By Order dated July 2, 2020, the Court granted Steadman's motion to dismiss for lack of personal jurisdiction. In short, the Court concluded that "plaintiffs [had] not alleged that Steadman made any misrepresentations that they relied on. . . ." Order Granting Def.'s Mot. Dismiss, 7 (July 2, 2020) (dismissing Counts I and II). The Court also concluded that "plaintiffs do not allege any facts regarding Steadman's participation in the formation—or breach—of the contract between E&H and NHEF." *Id*., 9 (dismissing Counts III and IV).

In the Complaint, plaintiffs assert the same four claims against Viviano that they asserted against Steadman: fraud, conspiracy, breach of contract, and unjust enrichment. Compl. ¶¶ 35-58. The Court thus evaluates whether it has personal jurisdiction over Viviano by applying the same legal standards that it applied to Steadman's motion. However, for the reasons set forth below, the Court reaches a different result, and denies Viviano's motion.

#### i. *Fraud and Conspiracy*

In Counts I and II, plaintiffs assert claims against Viviano for fraud and conspiracy. Because the underlying facts of plaintiffs' fraud and conspiracy claims are similar, the Court analyzes these "factually overlapping claims" together. *See O'Connor*, 496 F.3d at 318 n.3.

"Generally, '[i]ndividuals performing acts in a state in their corporate capacity are not subject to the personal jurisdiction of the courts of that state for those acts.'" *Elbeco Inc. v.*

*Estrella de Plato, Corp.*, 989 F. Supp. 669, 676 (E.D. Pa. 1997) (quoting *National Precast Crypt Co. v. Dy–Core of Pennsylvania, Inc.*, 785 F. Supp. 1186, 1191 (M.D. Pa. 1992)). "However, a recognized exception to this rule is that a 'corporate agent may be held personally liable for torts committed in their corporate capacity.'" *Id.* (quoting *National Precast Crypt Co.*, 785 F. Supp. at 1191); *see also Al-Khazraji v. Saint Francis Coll.*, 784 F.2d 505, 518 (3d Cir. 1986), *aff'd*, 481 U.S. 604 (1987). "It is quite clear, therefore, that where a defendant purposefully commits a tort directed at an individual in another forum, even when committed as an agent of a corporation, [he] can not hide behind the corporate entity in resisting the exercise of personal jurisdiction." *Giusto v. Ashland Chem. Co.*, 994 F.Supp. 587, 591 (E.D. Pa. 1998) (DuBois, J.).

Plaintiffs allege that Viviano made multiple statements upon which they relied to their detriment. *See* Part II, *supra*. Notably, plaintiffs claim that, based on Viviano's misrepresentations, they accepted NHEF's proposed debt consolidation services, *see* Compl. ¶ 18; remitted closing costs of $6,742.10 to defendants, *see id*. ¶ 23; ceased all contact with SSL and Bond, believing that "Defendants were handling [their] demands on Plaintiffs' behalf," *id*. ¶ 28; and trusted that Defendants' attorneys had responded to SSL's collection lawsuit. *See id*. ¶¶ 31-32. Plaintiffs further state that they "have produced more than 400 pages of communications, the majority of which are emails from Defendant Viviano to Plaintiffs containing fraudulent misrepresentations" in connection with this transaction. Pls.' Resp., 9. Plaintiffs also assert that "Defendant Viviano spoke to [them] on the phone regarding the business transaction that turned out to be fraud." *Id*.

Thus, plaintiffs' allegations demonstrate that Viviano's contacts with the forum state were purposeful and sufficiently related to their fraud and conspiracy claims. In contrast to their claims regarding Steadman's involvement in the alleged fraud and conspiracy, plaintiffs'

argument with respect to Viviano identifies a number of misleading statements upon which they relied. Accordingly, the Court determines that plaintiffs have satisfied the "minimum contacts" requirement of the personal jurisdiction test. Plaintiffs' allegations concerning the exercise of specific jurisdiction over Viviano comport with traditional notions of fair play and substantial justice. Determining that Viviano "should not be permitted to use the corporate shield to protect himself from liability," *Mendelsohn, Drucker & Assocs. v. Titan Atlas Mfg., Inc.*, 885 F. Supp. 2d 767, 784 (E.D. Pa. 2012), the Court concludes that it has specific jurisdiction over Viviano with respect to Counts I and II.

### ii. Breach of Contract and Unjust Enrichment

In Counts III and IV, plaintiffs set forth claims against Viviano for breach of contract and unjust enrichment. Compl. ¶¶ 47-58. Because these are "factually overlapping claims,"[3] the Court analyzes them together. *See O'Connor*, 496 F.3d at 318 n.3. "In analyzing specific jurisdiction in the context of a breach of contract claim, district courts consider 'whether the defendant's contacts with the forum were instrumental in either the formation of the contract or its breach.'" *Mendelsohn, Drucker & Assocs.*, 885 F. Supp. 2d at 773 (quoting *Gen. Elec. Co.*, 270 F.3d at 150). The Court also assess whether the defendant "created rights and obligations" in Pennsylvania by contracting with plaintiffs. *Conlin & Co.,* 2020 WL 564758, at *3. In *Conlin & Co.*, the Court determined that it had personal jurisdiction over nonresident defendants in a suit for breach of contract, because they "sent repeated electronic communications into the forum state during the course of the contractual relationship with plaintiff." *Id*. The *Conlin* Court concluded that its exercise personal jurisdiction was proper, because "defendants directed their

---

[3] "Unjust enrichment is a 'quasi-contractual doctrine' that does not apply in cases where the parties have a written or express contract." *Premier Payments Online, Inc. v. Payment Sys. Worldwide*, 848 F. Supp. 2d 513, 527 (E.D. Pa. 2012).

9

activities at the forum and purposefully availed themselves of the benefits and privileges of conducting business in Pennsylvania." *Id.*

In this case, plaintiffs allege that Viviano "directed a multitude of communications to Plaintiffs in order to consummate the fraudulent transaction." Pls.' Resp., 3. Specifically, Viviano's offer to provide "the debt consolidation services that E&H was seeking" formed the basis of plaintiffs' contract with defendants. *See* Compl. ¶¶ 16-18. Viviano sent plaintiffs the "Binding Letter of Intent," which reflected the following terms: "(1) payment by Defendant SPE directly to SSL and Bond in an amount necessary to satisfy E&H's debts to SSL and Bond; and (2) payment by E&H to NHEF of $1,435.42 per week until the amounts paid by Defendants on E&H's behalf were satisfied." *See* Pls.' Resp., 9; Compl. ¶ 18. "[B]ased on Viviano's representations on behalf of NHEF," plaintiffs accepted the terms of the agreement. Additionally, plaintiffs allege that "Viviano was well aware that none of his statements were true and that Defendants had [not] taken any action on Plaintiffs' behalf." Pls.' Resp., 4.

The Court determines that plaintiffs have sufficiently alleged that Viviano's communications with the Pennsylvania-based plaintiffs were essential to the formation of the contract. Thus, plaintiffs have satisfied the "minimum contacts" requirement of the personal jurisdiction test with respect to their breach of contract and unjust enrichment claims. In contrast to their allegations regarding Steadman's participation in the transaction, plaintiffs' claims with respect to Viviano's role identify him as a key player in the formation and breach of the contract. Because he purposely availed himself of the benefits of doing business in Pennsylvania, the Court determines that exercising personal jurisdiction over Viviano would comport with traditional notions of fair play and substantial justice. The Court thus concludes that it has specific jurisdiction over Viviano with respect to Counts III and IV.

## V.  CONCLUSION

For the foregoing reasons, the Court denies the Motion of Defendant Santino Viviano to Dismiss Plaintiffs' Complaint for Lack of Personal Jurisdiction.

An appropriate order follows.